**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2589
_____

IN RE: PASCAL GEDEON,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to No. 2:21-cr-00210-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on October 5, 2023

Before: BIBAS, MATEY, and CHUNG, Circuit Judges

(Opinion filed: November 6, 2023)
_____

_____

OPINION[*]

_____

PER CURIAM

Pascal Gedeon, proceeding pro se, has filed a petition for a writ of mandamus concerning the ongoing criminal case against him in the United States District Court for the Eastern District of Pennsylvania.

On May 20, 2021, a grand jury indicted Gedeon, charging him with the distribution and attempted distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Gedeon has filed numerous motions in the District Court seeking various forms of relief including requests for, *inter alia*, recusal, the end of dilatory practices, dismissal of the indictment, suppression of evidence, and pretrial release. The District Court denied Gedeon's requests. Since his indictment, the trial date has been continued several times and is currently scheduled for November 11, 2023.

On September 1, 2023, Gedeon filed a petition for a writ of mandamus. 3d Cir. ECF No. 1. He thereafter filed a motion for leave to amend his petition, a motion for a speedy hearing, and an amended mandamus petition. Dkt Nos. 9–11. In his amended petition, Gedeon requests the recusal of Judge Pratter, who presides over the criminal matter, alleging that she has failed to properly adjudicate the case. In support of his petition, Gedeon claims that the District Court lacks jurisdiction over his case, which appears to be

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

related to his claim based on the insufficiency of the indictment. Gedeon further claims that his right to a speedy trial was violated, that his confession was coerced, that the warrants were defective and invalid, and that the statute under which he was charged is unconstitutional. Finally, Gedeon requests that he be released and the indictment be dismissed.

We will deny Gedeon's amended mandamus petition. A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Gedeon has not made this showing.

Gedeon is not entitled to mandamus relief on his arguments regarding the District Court's jurisdiction, the sufficiency of the indictment, his right to a speedy trial, the legality of his confession, the legality of the warrants, and the constitutionality of the statute under which he was charged because he can challenge the District Court's rejection of those claims on direct criminal appeal. Mandamus must not be used as a substitute for appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003); In re Diet Drugs, 418 F.3d at 378–79.

To the extent that Gedeon's argument regarding the alleged Speedy Trial violation can be construed as an allegation for undue delay, we reject his claim. A writ of mandamus may be warranted where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Here, however, the record shows that Gedeon's case has been progressing steadily, with no failure to exercise jurisdiction over the case as a whole.

Finally, Gedeon requests the recusal of District Judge Pratter. Although we may consider on mandamus whether a District Judge is obligated to recuse under 28 U.S.C. § 455, see In re Kensington, 353 F.3d at 219–20, Gedeon has not shown that he is entitled to this relief. Instead, his complaints are based on ordinary judicial decision-making, and we have repeatedly held that mere dissatisfaction with rulings do not warrant recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Additionally, upon review of the record, we cannot say that a reasonable person would conclude the District Judge's impartiality could reasonably be questioned. See In re Kensington, 368 F.3d at 220–21.

To the extent Gedeon seeks mandamus relief in his motion for a speedy hearing, for the same reasons as above, it is denied.

Accordingly, we grant the motion seeking leave to file an amended petition, and we will deny the petition for a writ of mandamus as amended.

4